JOHN H. HAYDEN *et al.*, Respondent, *v.* RICHARD STEADMAN, Appellant.

*Appeal from Multnomah County.*

COLLATERAL UNDERTAKING.—PLEADING.—In case of a collateral undertaking under the statute of frauds, the plaintiff should declare specially.

IDEM.—The complaint must show that a contract was made between the parties, and that it was upon a consideration.

THE facts appear in the opinion.

*John W. Whalley*, for the appellant.

*Aaron E. Wait*, for the respondent.

Hayden v. Steadman.

BOISE, J. The complaint in this case after designating the parties, says: That the said defendant is indebted to the said plaintiffs over and above all payments and offsets, in the sum of three hundred and ninety-two dollars and seventy-one cents, and interest thereon from October 20th, 1869, by balance due upon an account for bill of James Doherty, to the plaintiff aforesaid by said defendant; and for lumber sold and delivered by the said plaintiffs to the said defendant, at his special instance and request; then follows a list of items, among which items is the following, to wit:

"Oct. 31.
"For James Doherty's bill assumed by defendant. $215.24
"To interest on James Doherty's bill.... ...... 22.00."

The complaint then proceeds, "That the said defendant has paid upon the foregoing account, at currency rates, the sum of nine hundred and seventy-eight and $\frac{85}{100}$ dollars, including fifty dollars paid upon said bill of James Doherty, and no more, etc," concluding that there is still due, etc. The defendant demurred to this complaint, and as a special ground of demurrer says, that he demurs to so much of said complaint as relates to the pretended cause of action as set up for a balance due upon an account for bill of James Doherty, to plaintiff, and says that the same does not state facts sufficient to constitute a cause of action.*

*It was held in the circuit court, that there being a general demurrer to the whole complaint, the defendant could not at the same time demur to a particular part for the same cause, i. e., to one of two or more causes of action in the same complaint. That there being a cause of action, as to the lumber, well plead, the demurrer being to the whole complaint must be overruled; the court intimating the opinion that without amendment the plaintiff was entitlted under the pleading to recover for the lumber only. The defendant's counsel appeared no further in the cause, and the plaintiff's counsel, at his own risk, took judgment for the amount named in the prayer. The appellant relied in this court on the position that his objection to the complaint could be raised at any time, after as well as before judgment, and the question whether he could demur to the whole complaint as not stating sufficient facts, and at the same time to a particular part of it on the same ground, was not raised in this court.

To this question the attention of this court was particularly directed in the argument, and the other points were abandoned. The court below overruled the demurrer, and gave judgment for the whole amount, including this item.

It appears from the complaint that this bill was originally a debt due from James Doherty to the plaintiffs, which they say the defendant assumed to pay. It was then an undertaking on the part of the defendant to pay the debt of a third person, and the action must, therefore, rest on a contract made by defendant with plaintiffs to pay it, which contract must be got out in substance in the complaint; and it must be shown that the contract was for a good consideration, not mere *nudum pactum*. (1 Chitty's Pleading, 297.)

The plaintiff must set forth everything that is essential to the gist of the action. (1 Jacob Law Dic. 156.) He must show that a contract was made between the parties, and that it was for a good consideration. In this case it does not appear that there ever was any mutual agreement between the plaintiff and defendant, by which the defendant agreed to pay this bill to the plaintiffs, and that the plaintiffs agreed to receive him as their debtor instead of Doherty. In cases of collateral undertaking under the statute of frauds, the plaintiff should declare specially. (Oliver's precedents 236, *note.*)

In this case the plaintiff's complaint does not come up to these requirements, and we think the demurrer was well taken.

Judgment modified.